UNITED STATES of America,
Plaintiff–Appellee,

v.

Barry Elijah DAVIS, Defendant–
Appellant.

No. 12–7387.

United States Court of Appeals,
Fourth Circuit.

Submitted: Nov. 13, 2012.

Decided: Nov. 16, 2012.

Barry Elijah Davis, Appellant Pro Se. Jonathan Biran, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Before NIEMEYER, GREGORY, and DIAZ, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Elijah Davis seeks to appeal the district court's order treating his Fed. R.Civ.P. 60 motion as a successive 28 U.S.C.A. § 2255 (West Supp.2012) motion, and dismissing it on that basis. Davis also seeks to appeal the court's order denying his motion for reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Davis has not made the requisite showing. Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We also deny Davis's motions for a transcript at government expense and to supplement the record.

Additionally, we construe Davis's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock,* 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp.2012). Davis's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*